IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY ERNEST JOSH**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL**, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 6:16-cv-1798-SI <br><br> **OPINION AND ORDER** |

Kathryn Tassinari and Drew Johnson, DREW L. JOHNSON, P.C., 1700 Valley River Drive, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jordan D. Goddard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Jeffrey Ernest Josh ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI")

under Title XVI of the Social Security Act. For the reasons discussed below, the Court REVERSES the Commissioner's decision and REMANDS for an immediate award of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff applied for DIB and SSI on April 30, 2015. Administrative Record ("AR") 10, 178, 185. Both applications allege disability beginning July 13, 2010, due to a learning disability, depression, suicidal thoughts, and lack of concentration. AR 221. Plaintiff was born in 1962 and was 47 years old at the date of alleged onset of his disability. AR 178. Plaintiff attended high school until the twelfth grade, but he did not graduate. AR 34-35. Although he received special education assistance in school, Plaintiff's grades were so poor that he had earned only half of the required number of credits to earn a diploma. AR 34-35, 308. From approximately 1995 until 2009, Plaintiff worked as a screen printer. AR 36, 295. Plaintiff admitted a past methamphetamine habit that began in 2006 and ended approximately April 1, 2015. AR 12, 330. At the time of his application, Plaintiff lived in a trailer with his father. AR 243.

The Commissioner initially denied Plaintiff's claims on October 29, 2015, and again on reconsideration on November 19, 2015. AR 114, 119, 128. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 5, 2016. AR 28, 134. At the hearing, the ALJ heard testimony from Plaintiff and vocational expert ("VE") Mark Mann. AR 29. The ALJ issued a decision on June 6, 2016, finding Plaintiff not disabled. AR 10-22.

Plaintiff petitioned the Appeals Council for review. AR 5. The Appeals Council denied his petition on July 11, 2016, at which date the ALJ's decision became the final decision of the Commissioner. AR 1. Plaintiff then sought review in this Court.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 13, 2010, the alleged onset date. AR 12. At step two, the ALJ found that Plaintiff had the following severe impairments: "[b]orderline intellectual functioning; social anxiety disorder; persistent depressive disorder; [and] amphetamine use disorder until

PAGE 5 – OPINION AND ORDER

early 2015, probably 04/01/15, now in remission." *Id.* The ALJ found that Plaintiff's hypothyroidism, hypertension, and dyslipidemia affected Plaintiff only minimally and thus were nonsevere. AR 13. The ALJ also concluded that there was a lack of objective evidence to substantiate the existence of mild intellectual functioning and post-traumatic stress disorder ("PTSD") as medically determinable impairments. AR 14. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations, "including those found under 12.02, 12.04, 12.05, 12.06, and 12.09." AR 14-16.

The ALJ next assessed Plaintiff's RFC and found that Plaintiff could perform a full range of work at all exertional levels as defined in 20 C.F.R. § 416.967, with certain limitations. AR 16. Specifically, the ALJ found that Plaintiff (1) is unable to interact with the public as a job task, but may engage in superficial contact otherwise; (2) should perform predictable work routines and low-stress work; (3) is unable to perform persuasive communication tasks or tasks requiring teamwork; and (4) is unable to perform fast-paced production work. *Id.* In formulating the RFC, the ALJ found that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence in the record. AR 18. The ALJ gave "substantial weight" to the opinions of the State agency psychologists. AR 19. The ALJ also considered Plaintiff's IQ scores from a Wechsler Adult Intelligence Scale-IV ("WAIS-IV") battery of tests performed by Dr. Belcher. AR 18, 355. The ALJ also gave "significant weight" to a Third Party Function Report completed by Plaintiff's friend, Victoria Glen. AR 18. The ALJ gave little weight to a letter from Asa Carlson, Plaintiff's treating counselor because Carlson's statements were "based on a diagnosis of PTSD, which is not

established as a medically determinable impairment (MDI) in the record by an acceptable medical source." AR 19.

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work. AR 20. That finding was based on testimony by the VE, who opined that a person with the same age, education, work experience, and RFC limitations as the Plaintiff would not be able to perform work as a screen printer. *Id.* Finally, at step five, the ALJ relied on the VE's testimony to conclude that Plaintiff could perform jobs that exist in significant numbers in the national economy, *to wit* as a battery stacker, lumber sorter, and cleaner of transportation vehicles. AR 21. Thus, the ALJ found that Plaintiff is not disabled. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (A) finding that Plaintiff did not meet the criteria of Listing 12.05C for intellectual disability; (B) purporting to give significant weight to the lay witness but only crediting a portion of her testimony; (C) rejecting the statements by treating counselor, Asa Carlson; (D) failing to give clear and convincing reasons for partially crediting Plaintiff's testimony; and (E) failing to meet the burden of proof for finding that Plaintiff can perform other work in the national economy. Because the Court agrees with Plaintiff that the ALJ erred in failing to find Plaintiff disabled under Listing 12.05C, the Court remands for immediate payment of benefits on Plaintiff's first allegation of error and does not reach Plaintiff's remaining allegations.

**A. Listing 12.05C**

Plaintiff argues that the ALJ erred in failing to find that Plaintiff was disabled because he meets Listing 12.05C.[1] *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05C. Listing 12.05C refers

---

[1] The parties agree that although Listing 12.05 was updated effective January 17, 2017, the Court should apply the rule that was in effect at the time the administrative decision became

PAGE 7 – OPINION AND ORDER

to intellectual disabilities. Listing 12.05C requires a claimant to demonstrate "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). The latter two prongs are specific criteria delineated in paragraph C of Listing 12.05, and the first prong derives from the listing's introductory paragraph. Although the introductory paragraph is a diagnostic description for intellectual disability, it functions as a substantive requirement. *McGrew v. Colvin*, 2015 WL 1393291, at *5 (D. Or. March 25, 2015) (citing Listing 12.00(A); *Kennedy*, 738 F.3d at 1176).

The ALJ found that Plaintiff did not meet Listing 12.05C for the following reasons:

> [Plaintiff] does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Although [Plaintiff] did have a full scale IQ of 72, he did not have another significant work-related limitation that affected his functioning. The claimant was affected by his methamphetamine use, however, as of April 1, 2015, the claimant was in full remission from this impairment.

AR 16. Elsewhere in the decision, the ALJ discusses Plaintiff's adaptive functioning, although not specifically relating to Listing 12.05. It is unclear whether the ALJ intended to assess Plaintiff as not meeting the criterion of deficits of in adaptive functioning. Even if the ALJ did intend to so opine, as discussed below, that finding would be in error.

Plaintiff first argues that the ALJ erred by failing to consider Plaintiff's verbal IQ score of 63. Listing 12.05C requires a "valid verbal, performance, or full scale IQ of 60 through 70." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05C. When two or more conflicting IQ scores are

---

final. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 n.1 (Sep. 26, 2016) ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.").

given, the Court takes the lowest score for purposes of Listing 12.05. 20 C.F.R. Part 404, Subpt. P, App'x 1 § 12.00(D)(6)(c); *see also Orosco v. Colvin*, 2016 WL 1584151 at *4 (D. Or. April 18, 2016) ("When verbal and full scale IQ scores differ, the lowest of the two scores must be used."); *Gomez v. Astrue*, 695 F.Supp.2d 1049, 1053 (C.D. Cal. 2010) (same). Here, Plaintiff completed the WAIS-IV battery of IQ tests, administered by Dr. Belcher, on October 12, 2015. AR 355. Plaintiff earned a 63 for Verbal Comprehension ("VCI"),[2] an 86 for Perceptual Reasoning ("PRI"), and a full scale IQ of 72. AR 359. Dr. Belcher determined that Plaintiff's scores were accurate, and neither the ALJ nor the Commissioner disputes their validity. AR 358. Therefore, Plaintiff's lowest relevant IQ score is 63, satisfying this requirement of the listing. The ALJ erred in finding that Plaintiff did not have the requisite IQ score to meet Listing 12.05C.

Plaintiff next argues that the ALJ erred by determining that Plaintiff does not meet the requirement that a claimant have a physical or other mental impairment causing significant work-related limitation. The Commissioner concedes this error.

The Commissioner argues that the above errors are harmless because the ALJ rejected Listing 12.05C on the independent grounds that Plaintiff did not have the required deficits in adaptive functioning to satisfy the requirements in the introductory paragraph. The introductory paragraph requires that a claimant demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The

---

[2] VCI and PRI are synonymous with verbal IQ, and performance IQ, respectively. The latter terms were used in the prior version of the WAIS, the WAIS-III. The updated WAIS-IV has replaced these terms with the terms VCI and PRI. *Carson v. Colvin*, 2016 WL 2660202 at *7 (D. Or. May 10, 2016) (citing *Fathree v. Colvin*, 2015 WL 1201669 at *10 (E.D. Cal. March 16, 2015); *Plank v. Colvin*, No. 12-4144, 2013 WL 6388486 (E.D. Pa. Dec. 6, 2013)).

Social Security Regulations ("Regulations") define adaptive functioning in the following way: "Adaptive functioning refers to how you learn and use conceptual, social, and practical skills in dealing with common life demands. It is your typical functioning at home and in the community, alone or among others. " 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(H)(3)(a) (effective May 24, 2016 to September 28, 2016). As noted above, the ALJ was less than clear in discussing Plaintiff's deficits in adaptive functioning. Regardless, any finding that Plaintiff does not have the requisite deficits in adaptive functioning would be erroneous.

The Ninth Circuit has not addressed whether the introductory paragraph requires only demonstrated deficits in adaptive functioning *before age 22*, or whether it additionally requires a claimant to demonstrate *current* deficits. Some district courts within the Ninth Circuit have determined that evidence of deficits before age 22 can be dispositive. *See, e.g. Pedro v. Astrue*, 849 F.Supp.2d 1006 (D. Or. 2011); *Anthony v. Colvin*, 2014 WL 3792780, at *4 (C.D. Cal. July 31, 2014); *Huber v. Astrue*, 2010 WL 4684021, at *4 (D. Ariz. Nov. 12, 2010). Other circuit courts have placed a greater emphasis on current deficits. *See, e.g. Randall v. Astrue*, 570 F.3d 651, 662 (5th Cir. 2009); *Johnson v. Barnhart*, 390 F.3d 1067, 1071 (8th Cir. 2004). The undersigned district judge previously has interpreted Listing 12.05's introductory paragraph as requiring both. *McGrew*, 2015 WL 1393291, at *6. Therefore, Plaintiff must demonstrate that he currently has deficits in adaptive functioning *and* must demonstrate that those deficits manifested prior to age 22.

Evidence demonstrating deficits in adaptive functioning may be circumstantial. *Jones v. Colvin*, 149 F.Supp.3d 1251, 1260 (D. Or. 2016). Relevant circumstantial evidence of deficits in early life includes difficulties with reading and writing, attendance of special education classes, and dropping out of school. *Id*.; *Pedro v. Astrue*, 849 F.Supp.2d 1006, 1011-12 (D. Or. 2011);

*Campbell v. Astrue*, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011); *Payne v. Astrue*, 2010 WL 654319, at *11 (D. Ariz. Feb. 23, 2010). Here, the record shows that Plaintiff received special education and did not graduate from high school. AR 308. As reflected in Plaintiff's academic transcript, at the end of his twelfth-grade year, Plaintiff had completed only 110 of the required 220 credits and had a grade-point average of 1.06. AR 308. Dr. Belcher determined that Plaintiff has a full scale IQ of 72, which places him "at the 3rd percentile and in the borderline range of general intellectual functioning when compared to persons his age." AR 359. The weight of the evidence shows Plaintiff had deficits in adaptive functioning prior to age 22.

The Commissioner primarily argues that Plaintiff currently does not have deficits in adaptive functioning.[3] The ALJ's findings and the evidence relied upon therein sufficiently demonstrates that Plaintiff has current deficits in adaptive functioning. In formulating Plaintiff's RFC, the ALJ determined that Plaintiff is unable to perform persuasive communication tasks or tasks requiring teamwork, work that involves interaction with the public as a job task, and fast-paced production work. AR 16. In making this determination, the ALJ gave substantial weight to the opinion of State agency psychologist Dr. Arthur Lewy. AR 19. Dr. Lewy reviewed Plaintiff's record and completed a Mental Residual Functional Capacity Assessment ("MRFC"). *See generally* AR 107-09. Dr. Lewy determined that Plaintiff had limitations in the areas of

---

[3] The Commissioner relies on *Atkins v. Virginia*, 536 U.S. 304 (2002), for the proposition that deficits in adaptive functioning under listing 12.05C require significant limitations in at least two areas, including communications, self-care, home living, social or interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety. *Atkins*, however, did not address adaptive functioning in the context of social security, but rather in the context of an Eighth Amendment challenge to executions of "mentally retarded" criminals. *Id.* at 304. As discussed below, Listing 12.05C does not require "significant" deficits in adaptive functioning, but merely the existence of deficits. Even if the Court were to accept the Commissioner's argument that deficits are required in two or more of the categories enumerated in *Atkins*, Plaintiff's current adaptive functioning demonstrates deficits in at least two of those categories.

understanding and memory, concentration and persistence, social interaction, and adaption. *Id*. Specifically, Dr. Lewy believed that Plaintiff was moderately limited in his ability to (1) understand, remember, and carry out detailed instructions, (2) interact appropriately with the public, (3) accept instructions and respond appropriately to criticism from supervisors, (4) get along with coworkers or peers without distracting them or exhibiting behavioral extremes, (5) respond appropriately to changes in the work setting, (6) be aware of normal hazards and take appropriate precautions, and (7) set realistic goals or make plans independently of others. *Id.* The ALJ's decision, however, only acknowledged Dr. Lewy's opinion that Plaintiff "would have moderate limitations in carrying out detailed instructions and in getting along with coworkers and peers without distracting them or exhibiting behavioral extremes" but stated that otherwise Plaintiff would have no other significant limitations. AR 19. This finding is not consistent with Dr. Lewy's opinion or other evidence in the record.

State agency psychologist Dr. Ben Kessler also reviewed the record and completed an MRFC. *See generally* AR 71-73.[4] Like Dr. Lewy, Dr. Kessler believed that Plaintiff had limitations in regard to understanding and memory, sustained concentration and persistence, social interaction, and adaption. AR 71-73. Dr. Kessler opined that Plaintiff is unable to "attend for extended periods," and that he "will occasionally respond inappropriately to changes at work and requires supported transitions." *Id*. Dr. Kessler also opined that Plaintiff had moderate limitations in his ability to (1) understand, remember, and carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) interact appropriately with the

---

[4] Although the ALJ did not specifically reference Dr. Kessler's opinion, the ALJ's decision purported to give substantial weight to the "State agency *psychologists*." AR 19 (emphasis added). From this statement, the Court concludes that the ALJ gave both doctors' opinions substantial weight.

general public, (4) respond appropriately to changes in the work setting, and (5) set realistic goals or make plans independently of others. *Id.*

Lastly, the ALJ gave significant weight to the testimony Plaintiff's friend, Victoria Glen. AR 17-18. The ALJ accepted Glen's statement that Plaintiff "was confused, had a short attention span, and was uncomfortable in closed spaces or with groups of people and when he had to meet new people." AR 17. Glen reported that Plaintiff was limited in his "ability to talk, remember, concentrate, understand, follow instructions, and get along with others." *Id*. These statements, as accepted by the ALJ, are consistent with the opinions of Dr. Lewy and Dr. Kessler. *Id.* Glen also noted, however, that Plaintiff wore the same clothes every day, needed special reminders to brush his teeth and take his medication, needed help and encouragement to perform simple tasks like cleaning because he sometimes forgets where he keeps cleaning supplies, is terrified of being alone, and needs another person with him at all times when he leaves the trailer park. AR 253-54, 258. Glen further reported that she had to help him obtain services such as psychological, dental, and mental treatment. AR 259. All of this record evidence, in addition to Plaintiff's earlier academic records, demonstrate Plaintiff's significant limitations in multiple areas, including communications, self-care, home living, social and interpersonal skills, use of community resources, self-direction, and functional academic skills.

The Commissioner's sole argument for why Plaintiff does not have deficits in adaptive functioning is Plaintiff's work history. The Commissioner relies on a section of the Regulations clarifying how the Agency considers work history in the context of updated Listing 12.05B(2). That listing requires "significant" deficits in adaptive functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05B(2) (effective January 17, 2017). In contrast, the applicable Listing 12.05C does not specify a severity requirement for adaptive functioning deficits. Accordingly, the

PAGE 13 – OPINION AND ORDER

Commissioner's reliance on this section of the Regulations is inapposite because updated Listing 12.05B(2) sets a more exacting legal standard than the applicable Listing 12.05C. Moreover, as this Court previously has stated, "the introductory paragraph of Listing 12.05 requires evidence that deficits in adaptive functioning *exist*, not evidence that a claimant has no adaptive functioning skills." *McGrew*, 2015 WL 1393291, at *7 (emphasis added); *see also Conley v. Colvin*, 2017 WL 1370707, at *4 (D. Or. April 6, 2017) (Plaintiff's prior work history did not "compel a finding that a claimant lacks deficits in adaptive functioning."); *Blacktongue v. Berryhill*, 229 F.Supp.3d 1216, 1224 (W.D. Wa. Jan. 25, 2017) (evidence of Plaintiff's prior work history did not "undermine the evidence of adaptive deficits prior to age 22, nor does it establish that [Plaintiff] has no current deficits in adaptive functioning."); *Watkins v. Comm'r of Soc. Sec. Admin.*, 2017 WL 1191093, at *4 (D. Ariz. Mar. 31, 2017). Here, Plaintiff's work history as a screen printer does not negate the presence of adaptive functioning deficits. Plaintiff's deficits are demonstrated in the ALJ's RFC determination and the evidence relied on therein. Plaintiff meets Listing 12.05C. The Court finds that the ALJ erred by not finding Plaintiff disabled at step three.

**B. Remand**

The Court has discretion under 42 U.S.C. § 405(g) to decide "whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanan*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court generally should remand for further proceedings, the Court has discretion to remand for immediate payment of benefits if further proceedings would serve no useful purpose, or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

Because the record is clear that Plaintiff meets Listing 12.05C, there is no utility in further proceedings. Accordingly, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

## CONCLUSION

The Commissioner's decision that Mr. Josh is not disabled is REVERSED and REMANDED for an immediate award of benefits.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge